O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **Amador Zambrano-Duenez,** § | |
| § | |
| *Petitioner*, § | |
| § | |
| v.   § | **Civil Action No. 5:06-cv-145** |
| § | **Criminal No. 5:04-cr-1503** |
| **United States,** § | |
| § | |
| *Respondent*. § | |
| § | |

**OPINION & ORDER**

Pending before the Court is Petitioner Amador Zambrano-Duenez's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. [Dkt. No. 1]. Upon due consideration of the Motion and the governing law, the Court DISMISSES Petitioner's Motion.

**I.     PROCEDURAL BACKGROUND AND RELEVANT FACTS**

On October 13, 2004, Petitioner pled guilty to one count of reentering the United States illegally after being deported, in violation of 8 U.S.C. § 1326(b)(2). [Cr. Dkt. No. 9]. He was subsequently sentenced to 57 months imprisonment. [Cr. Dkt. No. 21]. On November 11, 2006, Petitioner filed the § 2255 Motion now before the Court, claiming: (1) that he suffered ineffective assistance of counsel, in violation of his Sixth Amendment rights, because his attorney at sentencing failed to present various mitigating arguments to the court; (2) that he is not guilty of illegal reentry because he "was in country under legal status based on [an] INS

Notice of Action;" and that (3) the sentencing court misapplied the Federal Sentencing Guidelines. [Dkt. No. 1 at 4].

### II.     DISCUSSION

Dismissal of a § 2255 motion is warranted when "after prompt review of the files, records, transcripts, and correspondence relating to the judgment under attack, it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . ." 28 U.S.C. § 2255 Proc. R. 4(b).

#### A.  Ineffective Assistance of Counsel

It is well established that the Sixth Amendment guarantees the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "Claims of inadequate representation which are not raised before the district court cannot be raised on direct appeal . . . [but rather] . . . have been relegated to later petitions under 28 U.S.C. § 2255." *United States v. Brown*, 591 F.2d 307, 310 (5th Cir. 1979). The standard governing ineffective assistance claims was established by the Supreme Court in *Strickland*; specifically, a party claiming ineffective assistance must show (1) that trial counsel's performance fell below an objective standard of reasonableness, and (2) that the defendant suffered prejudice as a result. *Id.* at 687. The Supreme Court has noted that a reviewing court need not consider either prong of the test in any particular order. *Id.* at 697. To the extent that doing so facilitates efficient disposal of Petitioner's claims, the Court will address whether Petitioner, based on the record and allegations as they currently stand, is able to demonstrate prejudice.

Section 1326(a) of 8 U.S.C. makes it a crime for an alien to reenter the United States without permission after having been previously deported. At Petitioner's arraignment, in explaining the

factual basis for his indictment, the Magistrate Judge reiterated the government's contention that "[Petitioner] had been previously deported on April 14[], 1997, from Laredo to Mexico." [Arraignment Tr. at 18-19]. Petitioner, in pleading guilty, agreed. Furthermore, at the time of sentencing, Petitioner was asked whether he disagreed with any of the facts set out in the Pre-sentence Report (PSR). Petitioner, under oath, replied "everything is fine." [Sentencing Tr. at 3]. The PSR reflected that Petitioner was deported in 1997, and that he had not "applied for or received permission . . . to reenter the United States." [PSR at 4].

Nevertheless, counsel allegedly should have noted during sentencing: (1) that "Petitioner had not been previously deported;" (2) that "INS[1] had [previously] interviewed Petitioner and declined to issue a deportation order;" (3) that "Petitioner was advised by INS to report to his state probation officer and allowed to remain in country;" and (4) that "the INS had provided Petitioner with . . . a permit to remain in country . . . ." [Dkt. No. 2 at 3].

By arguing that Petitioner had not been previously deported or that he was in the United States with permission, counsel would have been advancing not mitigation arguments but rather arguments that Petitioner was *not guilty* of illegal reentry. Such arguments would have contradicted Petitioner's guilty plea, as well as his "acceptance of responsibility," for which he enjoyed a three-point offense level decrease. [PSR at 4-5]. Thus, counsel's failure to raise these points as mitigation arguments cannot be deemed unreasonable.

Petitioner also faults his attorney for not noting to the sentencing court that he was "placed on [five] years probation . . . at [sic] Webb Co[unty,] Laredo, Texas." [Dkt. No. 2 at 3]. This is a reference to the five year probation imposed on Petitioner for aggravated assault upon his wife in 2000. [PSR at 6]. Petitioner does not explain how this omission prejudiced him, but the Court

---

[1] The Immigration and Naturalization Service (INS) is now known as the Bureau of Immigration and Customs Enforcement.

3

surmises that, according to Petitioner, the leniency of such a sentence would have colored his prior conduct as relatively benign in the eyes of the court.

The five years probation was reflected in the PSR. Further, at sentencing, the Court expressly noted that Petitioner was "on probation for that offense," [Sentencing Tr. at 8], and that "for domestic violence offenses, . . . [that] tend[s] to be on the higher end," [Sentencing Tr. at 10]. Therefore, Petitioner received whatever mitigating benefit he could possibly enjoy from his relatively light sentence for aggravated assault.

Accordingly, the record reveals that Petitioner cannot plausibly show that counsel was unreasonable in not presenting the aforementioned arguments to the sentencing court, or that Petitioner was prejudiced by such omissions.[2]

### B.  Petitioner's Allegedly Authorized Presence in the United States

Petitioner next argues that, before he was arrested, he "was in country under legal status based on [an] INS Notice of Action."[3] [Dkt. No. 1 at 4].

At his arraignment, when initially asked how he wished to plead, Petitioner responded that he "came with a permit." Upon further inquiry, it was determined that Petitioner and his counsel had discussed this issue and that counsel had determined that the "permit" was not valid. The Magistrate Judge then stated to Petitioner: "the charge is that you illegally reentered the United States or you were found entering or attempting to enter. In other words, that you are in the U.S.

---

[2] Notably, Petitioner was offered the opportunity to address the Court before sentencing. Petitioner spoke, but he chose not to raise these specific issues. [Sentencing Tr. at 7-8].

[3] Petitioner has included this "Notice of Action," Form I-130, which reflects that his Immigrant Petition for Relative, Fiancé, or Orphan, [Dkt. No. 2 at 8], had been approved by the INS. [Dkt. No. 2 at 9]. Such "approval" means merely that "the beneficiary of the petition [is] being classified as an immediate relative for purposes of issuing a visa . . . ." *United States v. Asibor*, 109 F.3d 1023, 1035-36 (5th Cir. 1997). In other words, the I-130 approval grants the beneficiary a priority status on the "waiting list for a visa." *Id.* For this reason, the front of the form clearly states that it is "not a visa nor may it be used in place of a visa." [Dkt. No. 2 at 8].

illegally—that you reentered illegally. Is that true?" [Arraignment Tr. at 19]. Petitioner answered "yes." *Id.*

Petitioner was then asked how he wished to plead, to which he responded "guilty." The following exchange then occurred:

> The Court: . . . did you have good documents at one time?
>
> Defendant: Yes
>
> The Court: . . . But they're not good any more?
>
> Defendant: No.

Petitioner now claims he was here legally. Section 2255 proceedings are not intended to provide applicants a "second trial," or an opportunity to capriciously rescind their guilty pleas. *See United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980) ("The guilt or innocence of the defendant is not in issue on a § 2255 proceeding, but rather the validity and the fairness of the proceedings against him.").

Additionally, to the extent that this argument may be repackaged as an ineffective assistance claim, Petitioner does not argue that he answered the Magistrate Judge's question, or pled guilty, involuntarily, or that his attorney did not consult with him adequately before either event. Therefore, there is currently no basis for the Court to believe that Petitioner might be entitled to relief on this ground.

### C.  Sentencing Error

As his third argument, Petitioner asserts that "[t]he trial court erred in sentencing Petitioner [for an] illegal reentry violation." [Dkt. No. 1 at 4]. He contends that he should have been sentenced, at most, as an illegal alien, which would have resulted in a lower Guideline range.

5

Attacks on a sentencing court's application of the Guidelines are not cognizable in the § 2255 context. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (collateral attack is reserved for "constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed."). Petitioner could have attacked this alleged error on direct appeal, but he did not. [Dkt. No. 32].

To the extent that this argument just reiterates Petitioner's belief in his innocence, his claim is rejected for reasons already stated.

### III.   CONCLUSION

No plausible ineffective assistance claim arises from Petitioner's allegations when taken in light of the record. Accordingly, his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

IT IS SO ORDERED.

Done this 17th day of April, 2007, in Laredo, Texas.

                                          Micaela Alvarez
                                  UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**