O

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | |
|---|---|
| **AMADOR ZAMBRANO-DUENEZ**, § § | |
| *Petitioner*, § | |
| v. § | Civil Action No. 5:06-cv-145 |
| § | Criminal Action No. 5:04-cr-1503 |
| **UNITED STATES**, § § | |
| *Respondent*. § § | |

## OPINION & ORDER

Pending before the Court is Petitioner Amador Zambrano-Duenez's Motion for Certificate of Appealability, [Dkt. No. 5], which, if granted, would enable Petitioner to appeal this Court's April 17, 2007 dismissal of his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. [Doc. No. 40].

Under 28 U.S.C. § 2253(c), a petitioner cannot appeal a district court's denial of his § 2255 motion without first obtaining a certificate of appealability. Subparagraph (c)(2) of § 2253 provides that in order to be entitled to such, the petitioner must make "a substantial showing of the denial of a constitutional right." To make this "substantial showing," the petitioner must "demonstrate that the issues [at the center of collateral attack] are debatable among jurists of reason . . . ." *Barefoot v. Estelle*,[1] 463 U.S. 880, 893 (1983).

---

[1] Strictly speaking, *Barefoot v. Estelle* defined "substantial showing" for the purposes of obtaining a "certificate of probable cause," which was renamed a "certificate of appealability" by the 1996 passage of the Antiterrorism and Effective Death Penalty Act. *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). Nevertheless, the Fifth Circuit has made clear that this shift in name did not mean a shift in the underlying legal standard. *Id.*

There are three fatal problems with Petitioner's Motion. First, the Court has already denied Petitioner a certificate of appealability. [Dkt. No. 4]. Second, Petitioner does not argue that the Court's legal conclusions in its opinion denying his § 2255 Motion are debatable; rather, he advances an entirely new argument altogether. As such, his Motion for a Certificate of Appealability is actually a successive § 2255 motion, which the Court does not enjoy jurisdiction to entertain. *See* 28 U.S.C. § 2255; 28 U.S.C. § 2255 Proc. R. 9.

The third problem with Petitioner's Motion is that, assuming the absence of the above two impediments, the untenability of his argument is not "debatable among jurists of reason." Petitioner argues that the sentencing court committed sentencing error per the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). In *Booker*, the Supreme Court established that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a . . . jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 243.

Petitioner claims that the sentencing court erred in enhancing his total offense level under the Federal Sentencing Guidelines by sixteen points based on his prior conviction for drug trafficking. This was allegedly error under *Booker* because that basis for enhancement was not "admitted by the defendant or proved to a jury beyond a reasonable doubt." However, the above quote from *Booker* makes clear that the rule announced therein does not apply to enhancements based on prior criminal convictions. This is not debatable.

Petitioner also seems to believe that the federal government "reclassified" his past state conviction as an "aggravated offense" for purposes of justifying the sixteen point enhancement. Petitioner is mistaken; his enhancement, as already stated, was based on his prior conviction for

2

drug trafficking, which compels a sixteen point offense level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) regardless of whether that offense is considered an "aggravated" offense.

Petitioner's Motion for Certificate of Appealability is **DENIED**.

IT IS SO ORDERED.

Done this 21st day of May, 2007, in Laredo, Texas.

                                                Micaela Alvarez
                                      UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**